UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| GARREKK SINGLETON on Behalf of Himself and on Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>PROFRAC SERVICES, LLC,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. : 7:20-cv-37<br><br><br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S COMPLAINT,
COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

### I.   SUMMARY

1. Plaintiff Garrekk Singleton and the employees he seeks to represent ("Class Members") are current and former employees paid on an hourly basis by Defendant Profrac Services, LLC ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for their overtime hours based on the time and half formula under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Defendant violated the FLSA by failing to pay Plaintiff and Class Members for all the hours they worked and by failing to calculate their overtime in accordance with the FLSA.

3. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

4. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1

5. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

6. Additionally, Plaintiff worked for Defendant in the state of New Mexico. Just as Defendant's compensation policies violate the FLSA, so too do those policies violate the state laws of New Mexico. As such, Plaintiff brings claims under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. Members of the New Mexico class are hereinafter referred to as the "New Mexico Class Members."

## II.  SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because many of the wrongs alleged herein took place in this District.

9. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay the proper amount of overtime to its employees.

## III.  PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Garrekk Singleton is an individual currently residing in Harrison County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all equipment operators and employees in similar positions employed by Defendant in the last three years to the present who were paid on an hourly basis and received bonuses.

12. The New Mexico Class Members are all equipment operators and employees in similar positions employed by Defendant that performed work in the state of New Mexico in the last three years who were paid on an hourly basis and received bonuses.

13. Defendant Profrac Services, LLC, is a limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

14. This court has personal jurisdiction over Defendant because, as a Texas business organization, Defendant is a resident of Texas.

## IV.   FACTS

15. Defendant Profrac Services, LLC, is an oil and gas well serving company headquartered in Texas with additional locations in Oklahoma and Pennsylvania.

16. Plaintiff Singleton worked from approximately February of 2018 until November of 2018 as an equipment operator.

17. Plaintiff worked for Defendant in Texas and New Mexico.

18. As an equipment operator, Plaintiff was responsible for fracturing wells to aid in the production of oil and gas.

19. Defendant paid Plaintiff and its other technicians on an hourly basis, however, Defendant failed to pay its equipment operators the proper amount of overtime.

20. Plaintiff was paid on an hourly basis.

21. Plaintiff was not paid a salary.

22. Plaintiff was paid a bonus.

23. In addition to their hourly wage, Defendant pays it equipment operators nondiscretionary bonuses tied to the number of completions a frac crew completes in a month.

24. This bonus payment was issued separately, often on a separate check from the standard payroll check.

25. Defendant informs its crews in advance of their work what conditions must be met in order for its crews to receive the bonus payment.

26. When Defendant calculates overtime, it does not include these bonus payments in the regular rate as required under the FLSA.  *See* 29 C.F.R. § 778.208.

27. By excluding these bonus payments from the regular rate, Defendant calculated overtime using an artificially low regular rate and, as a result, significantly underpaid the amount of overtime it should have paid to its employees.

28. At all times relevant to this lawsuit, Plaintiff was a non-exempt employee.

29. Plaintiff worked a significant amount of overtime.  His typical workdays were 10-12 hours, seven days a week.  This schedule yields 40-44 overtime hours a week.

30. Other equipment operators work the same or more hours per week as Plaintiff.

31. At all times relevant to this lawsuit, all of Defendant's other hourly paid equipment operators were non-exempt employees.

## V. CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

32. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

33. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation based on the FLSA's time-and-a-half formula.

34. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

35. By failing to pay overtime based on that formula, Defendant violated and continues to violate the FLSA.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant, Plaintiff, or Class Members.

37. Defendant did not have a good faith belief that its pay policy did not violate the FLSA.

38. Defendant knew or should have known that its bonuses should have been included in the regular rate of pay.

39. Defendant knew that the regular rate of rate includes all remunerations paid to its employees.

40. Defendant failed to include the bonuses it paid to Plaintiff in the calculation of Plaintiff's overtime.

41. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

COUNT II:
VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT
FAILURE TO PAY OVERTIME
(CLASS ACTION)

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

43. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning the NMMWA.

44. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

45. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

46. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

### VI.    COLLECTIVE ACTION ALLEGATIONS

47. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

48. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all equipment operators who were or are employed by Defendant and paid on an hourly basis with bonuses within the three (3) years preceding the filing of this complaint to the present.

49. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

50. Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff's knowledge stems from his lengthy employment tenure with Defendant.

51. Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on an hourly basis, and were denied complete overtime pay because of Defendant's policy of not including bonus payments in the regular rate.

52. Plaintiff's job title was equipment operator.

53. All equipment operators have the same or similar job duties.

54. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

55. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

56. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

57. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

58. In the last three years, Defendant had employed over 50 other employees with the same job title as Plaintiff.

59. In the last three years, Defendant has employed over 100 other employees with the same job title as Plaintiff.

60. In the last three years, Defendant has employed over 50 other employees with the same job title as Plaintiff and paid them a bonus.

61. In the last three years, Defendant has employed over 50 other employees with the same job title as Plaintiff and paid them a bonus which was not included in the respective employee's regular rate of pay for purposes of calculating overtime pay.

62. In the last three years, Defendant has employed over 50 other hourly paid employees and paid them a bonus which was not included in the respective employee's regular rate of pay for purposes of calculating overtime pay.

63. In the last three years, Defendant has paid monthly bonuses to over 100 hourly paid employees.

64. Defendant has time sheets for the hours worked by Class Members and Plaintiff.

65. Class Members are not exempt from receiving overtime pay under the FLSA.

66. Like Plaintiff all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

67. The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

68. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

69. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

70. Class Members were paid hourly.

71. Class Members had similar job duties.

72. As such, the class of similarly situated employees for purposes of FLSA collective treatment is properly defined as follows:

> **All of Defendant's current and former equipment operators paid on an hourly basis with bonuses during the three years before the date of the filing of this Complaint to the present.**

### VII. RULE 23 CLASS ACTION ALLEGATIONS

73. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

74. Plaintiff brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> **All of Defendant's current and former equipment operators paid on an hourly basis with bonuses during the three years before the date of the filing of this Complaint to the present who worked in New Mexico.**

75. Although Plaintiff do not know the precise number of members of the proposed class, Plaintiff believe there are more than 40 individuals that fit into the class.

76. The members of the class are so numerous that their individual joinder is impractical.

77. The identity of the members of the class is readily discernible from Defendant's records.

78. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

79. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;
   b. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law;
   c. Whether Defendant incorrectly did not consider bonus payments for purposes of calculating overtime owed.

80. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

81. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with New Mexico law and because Defendant failed to properly calculate overtime for Plaintiff just as it did with other the New Mexico Class Members.

82. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

83. The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## VIII.   JURY DEMAND

84. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands a trial by jury.

## IX.   PRAYER FOR RELIEF

85. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all technicians and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

   c. A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and New Mexico Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    By: */s/ Beatriz Sosa-Morris*
    Beatriz-Sosa Morris
    SOSA-MORRIS NEUMAN
    ATTORNEYS AT LAW
    BSosaMorris@smnlawfirm.com
    Texas State Bar No. 24076154
    5612 Chaucer Drive
    Houston, Texas 77005
    Telephone: (281) 885-8844
    Facsimile: (281) 885-8813

    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS