**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **GARREKK SINGLETON on Behalf of** | § | |
| **Himself and on Behalf of All Others** | § | |
| **Similarly Situated,** | § | **CIVIL ACTION NO. : 7:20-cv-37-DC-** |
| **Plaintiff,** | § | **RCG** |
| | § | |
| **v.** | § | |
| | § | |
| **PROFRAC SERVICES, LLC,** | § | |
| **Defendant.** | § | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND**
**STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiff Garrekk Singleton, individually and on behalf of all others similarly situated Plaintiffs who have joined this lawsuit **("Plaintiff")** and Profrac Services, LLC **("Defendant")** (collectively **"Parties")** file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice and in support would show as follows:

**I. Summary**

The Parties have reached a settlement of Plaintiff's and Class Member's claims related to unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. **("FLSA")**. This settlement was the result of arm's length negotiations conducted by experienced counsel for all parties, and after the exchange of necessary information. The terms of this settlement are reasonable, appropriate, and fair to all involved. Accordingly, the Parties ask the Court to approve this settlement and enter an Order dismissing this lawsuit with prejudice.

**II. Background Information**

This is an action brought by Plaintiff on behalf of himself and on behalf of all others similarly situated pursuant to the FLSA. The lawsuit was filed on February 10, 2020. In the lawsuit, Plaintiff alleged that Defendant failed to comply with the FLSA by failing to include a

non-discretionary bonus payment into the regular rate of pay for purposes of calculating overtime and accordingly, failing to pay them overtime compensation at the FLSA's required rate. Plaintiff sought the recovery of unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses, as well as such other and further relief to which Plaintiff and the class members might be entitled. The parties filed a Joint Stipulation for Conditional Certification and Notice on November 18, 2020. Doc. No. 9. On November 24, 2020, the Court granted the Parties' Stipulation. Doc. No. 11. This settlement involves 394 Class Members and Plaintiff.

Defendant has at all times denied any liability or wrongdoing, and disputes Plaintiff's claims. However, Defendant has determined that in order to avoid the expenses and expenditures associated with continued litigation, it was in Defendant's best interest to resolve this lawsuit.

### III. Settlement

The Parties now seek Court approval of their agreed settlement documents. The settlement represents a fair compromise of a bona fide dispute concerning the compensation practices at issue and the hours worked by Plaintiff and Class Members. This settlement is not a mere compromise of guaranteed substantive rights under the FLSA.

Prior to engaging in settlement discussions, the Parties independently and collectively engaged in thorough investigations of the claims and defenses at issue, which included formal discovery and voluntary exchange of voluminous business records. Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business records and conducting witness interviews. These efforts provided all parties involved with great insight as to potential liability and the range of recovery at issue. These efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding

Defendant's alleged failure to pay overtime compensation, allowed all Parties to intelligently, and in good faith, weigh both the risks and benefits of costly and time-consuming continued litigation.

The settlement was negotiated by attorneys who have substantial experience prosecuting and/or defending this and similar claims. Both sides have had considerable experience prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.[1] After the Parties reached an agreement on the settlement, the Parties engaged in substantive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents are the product of comprehensive discussion and negotiations.

The key details of the proposed settlement have been set forth in the Settlement and Agreement and Release which has been attached as Exhibit 1 but is being filed under seal due to the confidentiality provision of the settlement agreement.

Two principal issues were at dispute in this case. First, the parties disputed whether the Plaintiff and Class Members were properly paid at the FLSA's required rate. Plaintiff contended that the Plaintiff's and Class Members' pay did not include a non-discretionary bonus payment into the regular rate of pay. Defendant contended that this payment was discretionary and properly excluded.

Second, the parties disputed whether the violation at issue here, to the extent Plaintiff would prevail on the merits, was a willful one. Defendant maintained that such violation, if any, was not willful. This case was filed on February 10, 2020. Accordingly, absent a finding of

---

[1] *Austin v. Pennsylvania Dep't of Corrs.,* 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 410 F. Supp. 659 (D. Minn. 1974)("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

willfulness, Plaintiff and Class Members could only recover unpaid wages from February 10, 2018, to the present.  As such, even if Plaintiff were to prevail on the miscalculation of overtime issue, if he could not prove willfulness, then many Class Members would not recover anything due to the fact that the entirety of their claims fell outside the FLSA's default two-year statute of limitations.  *See* 29 U.S.C. § 255.

## IV.  Approval of Settlement is Justified and the Lawsuit Should be Dismissed.

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial, and in the best interests of all parties.  As noted above, this proposed settlement was reached following the exchange of information, data, and extensive negotiations.  Because of the various defenses asserted by Defendant and the possibility that Defendant may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of the claims.  Moreover, given the financial uncertainty associated with continued litigation and the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with a trial and appeal.

Therefore, the Parties request that the Court:

a.   Approve this settlement, including all of the terms set forth in the Settlement Agreement; and

b.   Sign the attached Order Approving the Settlement Agreement and dismiss this lawsuit with prejudice.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS

,

*/s/ Russell D. Cawyer*
Russell D. Cawyer
State Bar No. 00793482
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 332-2500
Facsimile:  (817) 335-2820
Email:  russell.cawyer@kellyhart.com

ATTORNEY-IN-CHARGE FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on July 1, 2021 through the Western District of Texas CM/ECF system which will serve a copy on all parties of record via electronic mail.

*/s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris